1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10

COASTAL ALASKA PREMIER
SEAFOODS, LLC, *et al.*,

CASE NO. C18-0345-JCC

ORDER

11

                              Petitioners,

                    v.

12

13

JOSEPH REDFERN,

14

                              Respondent.

15

16

17

        This matter comes before the Court on Respondent's motion to dismiss Petitioner's

complaint for declaratory relief (Dkt. No. 10) and Respondent's motion for a speedy hearing

18

19

(Dkt. No. 11). Having thoroughly considered the parties' briefing and the relevant record, the

Court GRANTS in part and DENIES in part Respondent's motion to dismiss (Dkt. No. 10) and

20

DENIES Petitioner's motion for a speedy hearing (Dkt. No. 11) for the reasons explained herein.

21

        Respondent injured his wrist in October 2016 while working on Petitioners' fishing

22

vessel and had surgery to repair it in January 2017. (Dkt. No. 1 at 2–3.) Thereafter, Respondent's

23

liver failed. (*Id*.) Respondent alleges the failure, which is related to an underlying condition

24

(Wilson's disease), was triggered by the anesthesia he received during surgery. (*Id*. at 4.)

25

Respondent is actively pursuing a liver transplant and seeks payment from Petitioners for the

26

cost of surgery and lifelong maintenance medication. (*Id*.) He filed a complaint in King County

Superior Court on March 12, 2018 seeking these and other damages. (Dkt. No. 10-1). The complaint brings federal maritime claims for maintenance and cure, claims under the Jones Act, and state law claims against Petitioners. (*Id*. at 12–17.) Petitioners filed a complaint for a declaratory judgment with this Court five days before Respondent filed his complaint with the King County Superior Court. (Dkt. No. 1.); *see* 28 U.S.C. § 2201. Petitioners allege that (a) Respondent's liver failure predated his employment and is directly related to Respondent's decision to stop taking medication for Wilson's disease, and (b) had Respondent fully disclosed his medical condition before his 2014 re-hire, Petitioners would not have re-hired him. (Dkt. No. 14 at 3.) Petitioners seek a declaration from this Court that they have no obligation under the federal maritime doctrine of maintenance and cure to pay for Respondent's liver transplant and subsequent maintenance medication. (Dkt. No. 1 at 5.) Respondent moves to dismiss Petitioner's complaint for declaratory relief, asking the Court to decline to exercise jurisdiction in this matter, given the pendency of Respondent's state court proceeding. (Dkt. No. 10 at 1.)[1]

In a declaratory judgment action, the Court has discretion to stay a matter that is also pending in a state court proceeding. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995). In doing so, the Court "must balance concerns of judicial administration, comity, and fairness to the litigants." *Chamberlain v. Allstate Ins. Co.*, 931 F.2d 1361, 1367 (9th Cir. 1991). District courts ordinarily consider the following factors: avoiding needless state law determinations, ensuring parties are not forum shopping, and avoiding duplicitous litigation. *Id*.

The first factor favors Petitioners. They seek a declaratory judgment solely on issues of

---

[1] Respondent fashioned his filing as a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), but he provided no substantive basis to support this request. (*See generally* Dkt. No. 10 at 3–4.) However, Respondent provided substantive legal argument in reply to Plaintiffs' opposition brief. (Dkt. No. 18 at 3–5.) While the Court need not consider Respondent's untimely argument, the Court will in the interest of judicial economy. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007). Further, Because Petitioners briefed this issue in their response in opposition, no additional briefing is necessary for the Court to adequately consider the argument. (*See* Dkt. No. 14 at 12–15.)

federal maritime law—maintenance and cure. (Dkt. No. 1 at 5.) The second factor is a closer

call. On the one hand, Petitioners filed their complaint with this Court five days *before*

Respondent filed their complaint. *See Fourth Shipmor Associates v. Lee*, 1996 A.M.C. 1695,

1697 (E.D. Cal. Jan. 4, 1996) (finding that such facts favored a petitioner). On the other hand,

Respondent has a right under the "saving to suitors" clause to choose where he would like to

bring a federal admiralty action. 28 U.S.C. § 1333(1); *see St. Paul Fire and Marine Ins. Co. v.*

*Lago Canyon, Inc.*, 561 F.3d 1181, 1195 n.5 (11th Cir. 2009) ("'by virtue of the 'saving clause,'

plaintiff also may sue at law in a state court or in a United States district court'") (quoting *In re:*

*Chimenti*, 79 F.3d 534, 537 (6th Cir.1996)). It appears that Petitioners' declaratory judgment

action was an attempt to defeat Respondent's right to the venue of his choosing. Therefore, the

Court concludes the second factor favors Respondent. Finally, the third factor favors

Respondent. A declaratory judgment from this Court would not resolve this matter. Respondent

brings negligence claims in state court unrelated to his liver condition. (Dkt. Nos. 10-1 at 17);

(*see* Dkt. No. 18-3 at 2–3) (medical records describing ongoing issues related to his wrist).

For the foregoing reasons, Respondent's motion to dismiss (Dkt. No. 10) is GRANTED

in part and DENIED in part. The Court exercises its discretion to STAY the matter pending

resolution of the state court proceeding. The Clerk is DIRECTED to administratively close this

case. The parties are INSTRUCTED to advise the Court once the state court proceeding is

complete, should they wish to reopen this matter. Petitioner's motion for a speedy hearing (Dkt.

No. 11) is DENIED as moot.

DATED this 15th day of May 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE